## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | | |
|---|---|---|
| **ALFONZO HAIRSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  3:26CV-180-DJH |
| v. | ) | |
| | ) | Removed from Hardin Circuit Court, |
| **PROFESSIONAL CONTRACT** | ) | Case No. 26-CI-00296 |
| **SERVICES INC.** | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Professional Contract Services, Inc.[1] ("Defendant"), by and through counsel, respectfully appears for the purpose of removing to the United States District Court for the Western District of Kentucky at Louisville, the civil action styled as *Alfonzo Hairston v. Professional Contract Services Inc*., Case No. 26-CI-00296 (the "State Court Action") previously pending in the Commonwealth of Kentucky, Hardin Circuit Court. As grounds in support of removal,[2] Defendant states as follows:

### PROCEDURAL BACKGROUND

1. On February 6, 2026, Plaintiff Alfonzo Hairston ("Plaintiff") initiated this case by filing his Complaint against Defendant in the State Court Action.

2. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches a copy of the full State Court

---

[1] The official name of Defendant Professional Contract Services, Inc. includes a comma. However, Plaintiff omitted a comma in naming Defendant in the Complaint.

[2] Defendant specifically appears for the purpose of removing this action to the U.S. District Court for the Western District of Kentucky, at Louisville. By filing this Notice of Removal, Defendant does not waive any arguments or defenses to Plaintiff's claims, nor concedes that Plaintiff has stated any plausible claims upon which relief may be granted.

Action record, which includes the Complaint, Summonses, Financial Transaction Report, and Return of Service for the Summonses, collectively as **Exhibit A**.[3]

3. Plaintiff's Complaint asserts federal claims under Title VII and the ADEA and state law claims under the Kentucky Civil Rights Act ("KCRA"). *See* Ex. A (Compl.).

4. As described below, federal question jurisdiction exists based on Plaintiff's federal claims as alleged in the Complaint under Title VII and the ADEA, coupled with the fact that Plaintiff's former employment with Defendant was on Fort Knox, which is a federal enclave. *See* 28 U.S.C. §§ 1331; *see also* U.S. Const. Art. I, § 8, cl. 17; KRS § 3.030.

5. As further described below, Plaintiff and Defendant are also citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Therefore, diversity jurisdiction is also applicable in this case pursuant to 28 U.S.C. § 1332.

6. If necessary, this Court also has supplemental jurisdiction over any remaining state law claims asserted in the Complaint. *See* 28 U.S.C. § 1367(a).

7. Defendant is the only defendant named in the case. *See* Ex. A (Compl). Defendant is timely removing this action within thirty (30) days of service of the Complaint and Summons pursuant to 28 U.S.C. § 1446(b)(1). The action belongs in this Court.

**FEDERAL QUESTION JURISDICTION**

8. This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Further, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States

---

[3] Defendant has attached the full record for the State Court Action. However, Defendant denies that the Summons received via certified mail on February 13, 2026, at 1730 Phantom Drive, Fort Knox, KY 40121, constitutes proper service because it has a registered agent for service of process in Kentucky. Defendant's registered agent was not served until February 26, 2026, which is when Defendant received the Complaint and Summons. *See* **Exhibit B** (Service of Process Notification).

have original jurisdiction, may be removed by the defendant or the defendants." *See id.*

9.      Within the Complaint, Plaintiff brings claims against Defendant based on alleged violations of federal law, including race and age discrimination, hostile work environment, and retaliation under Title VII and the ADEA. *See* Ex. A (Compl. at Counts II, IV, V). Thus, Plaintiff's Title VII and ADEA claims arise under the laws of the United States, which means this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1331. Therefore, Defendant's removal of this action is proper based on federal question jurisdiction. *See* 28 U.S.C. § 1441(a).

10.      Additionally, Plaintiff's Complaint states that he was employed by Defendant at Fort Knox. *See* Ex. A (Compl. ¶¶ 2, 9).[4] Plaintiff's claims against Defendant specifically arise from his employment on Fort Knox, which is a federal enclave. As such, this Court retains federal jurisdiction over this civil action. *See* U.S. Const. Art. I, § 8, cl. 17; *see also* KRS § 3.030.

11.      "Authorization for federal jurisdiction over government property is found in the Federal Enclave Clause, Article I, Section 8, Clause 17 of the United States Constitution[,]" which gives Congress the power to exercise exclusive legislation over all land conveyed to the federal government by consent of the state government. *See Watkins v. Safety-Kleen Systems, Inc.*, No. 5:08–cv–224–KSF, 2008 WL 4073554, at *4 (E.D. Ky. Aug. 29, 2008).

12.      In 1942, Kentucky ceded exclusive jurisdiction over Fort Knox to the United States. *See* KRS § 3.030 ("Kentucky cedes to the United States all the rights and jurisdiction which she now possesses over the land and premises in the vicinity of West Point, Kentucky, conveyed or to be conveyed to the United States for the purpose of establishing a permanent camp of instruction and military post, so long as the same shall remain the property of the United States."); *Lathey v.*

---

[4]   The Complaint contains several different paragraphs identified as Paragraph 9. This reference is intended to reference to the *first* Paragraph 9 within the Complaint's Factual Allegations section.

*Lathey*, 305 S.W.2d 920, 922 (Ky. 1957) (finding that "persons" in Fort Knox are "not within the jurisdiction of the Kentucky courts.").

13.    Fort Knox is a federal enclave subject to exclusive federal jurisdiction, regardless of the allegations in Plaintiff's Complaint. *See First Hardin Nat. Bank v. Fort Knox Nat. Bank,* 361 F.2d 276, 277 (6th Cir. 1966) (explaining that "Kentucky consented to the acquisition by the United States of the Fort Knox Military Reservation, and did not retain any right of any kind in or upon the land acquired by the United States for so long as the same shall remain the property of the United States.") (citing KRS § 3.030); *Brandenburg Tel. Co. v. South Central Bell Tel. Co.,* 506 S.W.2d 513, 516 (Ky. 1974) (recognizing that "Fort Knox is a federal enclave, over which Kentucky had ceded jurisdiction to the United States pursuant to KRS 3.030[.]").

14.    Because Plaintiff's claims allegedly occurred during his former employment with Defendant on Fort Knox, a federal enclave, this Court has jurisdiction over this case. *See United States v. Juvenile Male,* 939 F.2d 321, 324 (6th Cir. 1991) (explaining KRS § 3.030 is "directed specifically at Fort Knox and expressly refers to the exercise of jurisdiction by federal courts."); *Pettway v. Logistics Solutions Group, Inc.,* No. 3:17-cv-73-DJH-CHL, 2020 WL 981712, at *6 (W.D. Ky. Feb. 28, 2020) (reiterating "Fort Knox became a federal enclave in 1942" and that "Kentucky did not reserve legislative power on Fort Knox.").

15.    Accordingly, removal of this case is authorized by 28 U.S.C. §§ 1331 and 1441(a) because the Complaint sets forth Plaintiff's claims under federal law, and the lawsuit is based on alleged events that occurred during Plaintiff's former employment with Defendant on Fort Knox, a federal enclave. *See* U.S. Const. Art. I, § 8, cl. 17; *see also* KRS § 3.030.

### DIVERSITY OF CITIZENSHIP

16.    Moreover, Defendant's removal of this civil action is also proper on the basis of

4

diversity jurisdiction under 28 U.S.C. § 1332.

17.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1).

18.    Defendant is a corporation formed and existing under the laws of Texas, with its principal place of business in Texas. Therefore, for purposes of the diversity analysis, Defendant is a citizen of Texas, where it is incorporated, with its principal place of business.  Defendant is not a citizen of Kentucky.

19.    Based upon Plaintiff's representations in the Complaint, he is a citizen and resident of Kentucky. *See* Ex. A (Compl. ‖ 1).

20.    Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

### AMOUNT IN CONTROVERSY

21.    Based on a fair reading of Plaintiff's allegations and claims set out in the Complaint, Defendant reasonably and in good faith believes that the alleged damages claimed in this case exceed $75,000, exclusive of interest and costs.[5]

22.    Importantly, "[c]ourts discern the amount in controversy by consulting *the face of the complaint* and accepting the plaintiff's good faith allegations." *See Encore Energy, Inc. v. Morris Kentucky Wells, LLC*, No. 20-5161, 2020 WL 8511672, at *2 (6th Cir. Oct. 6, 2020) (internal citations and quotations omitted) (emphasis in original). "In the usual course of proceedings, the sum claimed by a plaintiff, if made in good faith, is the amount in controversy."

---

[5]    Defendant denies Plaintiff is entitled to any damages. As such, the calculations in this Notice of Removal pertain only to the amount he has placed in controversy. Further, Defendant provides the following amount in controversy calculations only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff in the Complaint, exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

*See Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citation omitted).

23.     Within the Complaint, Plaintiff specifically includes a demand for compensatory and monetary damages in excess of $25,000 per claim, and punitive damages in excess of $25,000. *See* Ex. A (Compl. at 10, ¶¶ (b)-(c)). Here, the Complaint sets out claims for discrimination, hostile work environment, and retaliation under Title VII, the ADEA, and the KCRA. *See id*. (Compl. ¶¶ 79-119). Thus, on the face of the Complaint, Plaintiff has pled at least nine (9) claims against Defendant seeking $25,000 in damages for each claim, and in addition, Plaintiff seeks punitive damages, in excess of $25,000. As such, Plaintiff has pled damages in excess of $75,000, exclusive of interest and costs.[6]

24.     Even if Plaintiff had not pled damages exceeding $75,000, exclusive of interest and costs, Defendant can demonstrate that it is more likely than not that the amount in controversy at the time of removal exceeds the jurisdictional limit. *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014) (recognizing that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

25.     For example, Plaintiff also seeks an award for his attorneys' fees. *See* Ex. A (Compl. at 10, ¶ (d)). For the amount in controversy calculations, attorney fees may be included where recoverable by statute, and the KCRA does allow for such recovery. *See* KRS § 344.450. Fee awards generally total more than fifty (50) percent of the proven damages for prevailing plaintiffs. *See generally Perry v. AutoZone Stores, Inc.*, Case No. 3:11CV–403–H, 2014 WL 11296328, at *7 (W.D. Ky. Feb. 3, 2014); *Asbury Univ. v. Powell*, 486 S.W.3d 246, 265 (Ky. 2016). Here, Defendant provides a conservative estimate for attorneys' fees, including $50,000.00,

---

[6]   Again, Defendant denies that Plaintiff is entitled to any damages. These calculations are only for purposes of demonstrating that the amount in controversy exceeds $75,000, exclusive of interest and costs.

for the amount in controversy calculations only.

26.     In sum, Plaintiff's total alleged damages in controversy are approximately $250,000 on the face of his Complaint, and the alleged attorneys' fees in controversy are at least $50,000. As such, it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs, to meet the jurisdictional threshold.

27.     Therefore, pursuant to 28 U.S.C. § 1332, this Court also has subject matter jurisdiction over this civil action because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## SUPPLEMENTAL JURISDICTION

28.     Furthermore, if necessary, the Court has supplemental jurisdiction over any remaining state law claims.

29.     Supplemental jurisdiction is proper because each of Plaintiff's claims against Defendant are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

30.     For purposes of supplemental jurisdiction, claims form part of the same case or controversy if they "derive from a common nucleus of operative fact." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

31.     Specifically, every claim asserted by Plaintiff within the Complaint against Defendant relates to the same alleged events during his former employment at Fort Knox. *See* Ex. A (Compl.). As such, Plaintiff's claims alleged in the Complaint all "derive from a common nucleus of operative fact." *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *Gibbs*, 383 U.S. at 725).

32.     Therefore, the Court has supplemental jurisdiction, over any remaining state law claims, if necessary, pursuant to 28 U.S.C. § 1367.

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

33.     Venue is proper in this this Court under 28 U.S.C. §§ 1391 and 1441(a). *See also* LR 3.2(b) ("A removal . . . petition shall be assigned to the jury division that includes the court from which the removal is had.").

34.     Defendant is the only named defendant in the case and is timely removing this civil action within thirty (30) days of service.

35.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served to Plaintiff, and a copy of the Notice of Removal will be filed in the record with the Clerk of the Hardin Circuit Court, where the suit has been pending.

36.     Pursuant to Federal Rule of Civil Procedure 7.1, Defendant's Corporate Disclosure statement is also being filed contemporaneously with this Notice of Removal.

WHEREFORE, pursuant to 28 U.S.C. § 1441 and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant removes this action from the Hardin Circuit Court of the Commonwealth of Kentucky to the U.S. District Court for the Western District of Kentucky.

This the 13th day of March, 2026.

*/s/ LaToi D. Mayo*
LaToi D. Mayo | KBA No. 88988
Amanda L. Combs | KBA No. 98028
Littler Mendelson, P.S.C.
300 West Vine Street, Suite 1600
Lexington, KY 40507
Telephone: (859) 317-7970
lmayo@littler.com
alcombs@littler.com
*Counsel for Defendant, Professional Contract Services, Inc.*

**CERTIFICATE OF SERVICE**

It is hereby certified that, on this the 13th day of March, 2026, the foregoing has been filed

via the Court's electronic filing system, which gives notice to all registered parties and/or by first

class mail to the following:

Samuel T. Long
Spitz, The Employee's Law Firm
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Sam.Long@SpitzLawFirm.com
*Counsel for Plaintiff*

*/s/ LaToi D. Mayo*
An Attorney for Defendant

9